IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00068-GPG

EVELIN ADELA PERUCH-VICENTE,

    Applicant,

v.

JOHN LONGSHORE, U.S. DHS-ICE,
UNKNOWN ICE OR BI INCORP. "JAILER,"

    Respondents.

## ORDER

    It has come to the Court's attention, that private attorney, Jim Salvatore, by his own admission, has been preparing, or assisting in the preparation of, documents filed in this case on behalf of Applicant, even though Applicant has signed the documents as a *pro se* litigant. (*See* ECF No. 1, at 5; ECF No. 7, at 13). Mr. Salvatore has engaged in a similar practice in 15-cv-00196-GPG and 15-cv-00217-GPG.

    Pursuant to Fed. R. Civ. P. 11(a), every pleading, motion and other paper filed in the federal district court must be signed by an attorney of record, in the attorney's name, or by the party personally, if the party is unrepresented. *See also* D.C.COLO.LAtty R 5(a) (effective 12/1/2014) (formerly D.C. COLO.LCivR 11.1). Attorneys must appear in actions where they draft pleadings. *See Crist v. Mesa Developmental Servs.*, No. 09-cv-00761-PAB-BNB, 2010 WL 3842610, at *1 (D. Colo. July 29, 2010); *Jachnik v. Wal–Mart Stores, Inc*., No. 07-cv-00263-MSK-BNB, 2007 WL

1216523, at *1 n.2 (D. Colo. Apr. 24, 2007). "Ghost-writing"[1] documents by an attorney for a *pro se* litigant is prohibited in the District of Colorado. *See Chung v. El Paso School Dist. # 11,* No. 14-cv-01520-KLM, 2015 WL 225430, at *3 (D. Colo. Jan. 15, 2015); *Crist,* 2010 WL 3842610, at *1; *Jachnik,* 2007 WL 1216523, at *1 n.2. An attorney who "ghost writes" a brief for a *pro se* litigant may be subject to discipline both for a violation of the rules of professional conduct and for contempt of court.[2] *See id.; see also Patton v. West*, No. 07-4154, 276 F. App'x 756, 757 n. 1 (10th Cir. 2008) (citing *Wesley v. Don Stein Buick, Inc*., 987 F.Supp. 884, 885-87 (D. Kan. 1997) (quoting *Johnson*, 868 F.Supp. at 1231-32). *Cf. Duran*, 238 F.3d at 1273 (holding that "any ghostwriting of an otherwise *pro se* brief must be acknowledged by the signature of the attorney involved)."

Furthermore, the Attorney Rules for the United States District Court for the District of Colorado (effective 12/1/14) expressly disapprove of the limited representation by counsel in a civil proceeding, <u>except that the Court may enter an order allowing an attorney to "provide limited representation to an unrepresented prisoner in a civil action</u>." D.C.COLO.LAtty R 2(b)(1) (Emphasis supplied). As recognized by United States Magistrate Judge Kristin L. Mix in a non-prisoner action,

---

[1]"Ghost-writing" occurs when an attorney represents a pro se litigant informally or otherwise, and prepares pleadings, motions, or briefs for the pro se litigant which the assisting lawyer does not sign, and thus escapes the professional, ethical, and substantive obligations imposed on members of the bar. *See Barnett v. LeMaster*, No. 00-2455, 12 F. App'x 774, 778-79 (10th Cir. April 27, 2001) (unpublished).

[2]In addition to violating an attorney's ethical obligations and frustrating the purposes of Fed. R. Civ. P. 11, "ghost-writing" allows the *pro se* litigant to receive the liberal construction of papers afforded to *pro se* filings under *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), even though the filing was drafted with the assisted by an attorney. This situation disadvantages the opposing party. *See Duran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001); *Johnson v. Bd. of County Comm'rs*, 868 F.Supp. 1226, 1231-32 (D. Colo. 1994)), *rev'd in part on other grounds*, 85 F.3d 489 (10th Cir.1996)).

there is a dearth of case law as to the precise contours of D.C.COLO.LAttny R 2 (and its predecessor D.C.COLO.LCivR 83.4).  *See Chung,* 2015 WL 225430, at *3 (D. Colo. Jan. 15, 2015).  The Local Rules adopt the Colorado Rules of Professional Conduct (Colo. PRC) as standards of professional responsibility for this Court, *see* D.C.COLO.LAtty R 2(a), except as provided in D.C.COLO.LAtty R 2(b)(1) which states that Colo. RPC 1.2(c) (limiting scope of representation) is "excluded from the standards of professional responsibility for the United States District Court [for the District of Colorado."  D.C.COLO.LAtty R 2(b)(1) is somewhat ambiguous because it is not clear what standards are to apply when an attorney provides "limited representation to an unrepresented prisoner in a civil action."  Absent any case law interpreting the rule, as applied to a prisoner, the Court construes D.C.COLO.LAtty R 2, as a whole, to direct the Court to apply the Colorado Rules of Professional Conduct when an order is entered allowing an attorney to provide limited representation to a prisoner.

Colo. RPC 1.2(c) states: "A lawyer may limit the scope or objectives, or both, of the representation if the limitation is reasonable under the circumstances and the client gives informed consent. A lawyer may provide limited representation to pro se parties as permitted by C.R.C.P. 11(b) and C.R.C.P. 311(b)."  Colorado Rule of Civil Procedure 11(b) provides:

> Limited Representation. An attorney may undertake to provide limited representation in accordance with Colo. RPC 1.2 to a pro se party involved in a court proceeding. Pleadings or papers filed by the pro se party that were prepared with the drafting assistance of the attorney shall include the attorney's name, address, telephone number and registration number. The attorney shall advise the pro se party that such pleading or other paper must contain this statement. In helping to draft the pleading or paper filed by the pro se party, the attorney certifies that, to the best of the attorney's knowledge, information and belief, this pleading or paper is (1)

>well-grounded in fact based upon a reasonable inquiry of the pro se party by the attorney, (2) is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (3) is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. The attorney in providing such drafting assistance may rely on the pro se party's representation of facts, unless the attorney has reason to believe that such representations are false or materially insufficient, in which instance the attorney shall make an independent reasonable inquiry into the facts. Assistance by an attorney to a pro se party in filling out pre-printed and electronically published forms that are issued through the judicial branch for use in court are not subject to the certification and attorney name disclosure requirements of this Rule 11(b).
>
>Limited representation of a pro se party under this Rule 11(b) shall not constitute an entry of appearance by the attorney for purposes of C.R.C.P. 121, section 1–1 or C.R.C.P. 5(b), and does not authorize or require the service of papers upon the attorney. Representation of the pro se party by the attorney at any proceeding before a judge, magistrate, or other judicial officer on behalf of the pro se party constitutes an entry of an appearance pursuant to C.R.C.P. 121, section 1–1. The attorney's violation of this Rule 11(b) may subject the attorney to the sanctions provided in C.R.C.P. 11(a).

In applying D.C.COLO.LAtty R 2(b)(1) to the present case, the Court recognizes that a limited appearance by an attorney is allowed only if the unrepresented party is a "prisoner." *See* D.C.COLO.LAtty R 2(b)(1). The Applicant in this § 2241 action is not in the physical custody of federal immigration authorities, but she is under an order of supervision, which constitutes constructive custody under the federal habeas corpus statutes. *See Mays v. Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009) (recognizing that for purposes of the federal habeas corpus statutes, "custody" is not limited to individuals subject to immediate physical confinement, "but also those subject to restraints not shared by the public generally that significantly confine and restrain freedom"); *see also United States v. Cervini,* 379 F.3d 987, 989 n. 1 (10th Cir. 2004) (when a prisoner is subject to supervised release, he is still "'in custody'" for § 2255

purposes). Absent any guidance on the meaning of "prisoner" in D.C.COLO.LAtty R 2(b)(1), the Court will conclude that Applicant is one. Further, the Court construes D.C.COLO.LAtty R 2(b)(1) to provide for limited representation of habeas corpus petitioners because there is no language in the local rule to suggest that habeas corpus actions are excluded. The Court thus will allow Mr. Salvatore the opportunity to enter a limited appearance on behalf of the *pro se* Applicant, as contemplated by D.C.COLO.LAtty R 2(b)(1).

It is therefore ORDERED as follows:

Pursuant to D.C.COLO.LAtty R 2(b)(1), if Mr. Salvatore intends to continue drafting pleadings and other filings on behalf of the Applicant, he must first file a motion requesting a limited appearance for the purpose of assisting the Applicant in drafting and filing pleadings, motions and other papers in this action. If the motion is granted, each pleading or other document filed by the *pro se* Applicant, that is prepared by Mr. Salvatore or with his assistance, must include the following: (1) a signature block with Mr. Salvatore's name, address, telephone number and attorney registration number; and, (2) Mr. Salvatore's certification that in helping to draft the pleading or paper filed by the *pro se* Applicant, he certifies that, to the best of his knowledge, information and belief, the pleading or paper is (a) well-grounded in fact based upon a reasonable inquiry of the pro se party by the attorney, (b) is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (c) is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If Mr. Salvatore does not file a motion for limited appearance in accordance with

this Order, he must cease preparing, or assisting in the preparation of, the *pro se* Applicant's filings in this action. Alternatively, Mr. Salvatore may enter his full appearance, pursuant to D.C.COLO.LAtty R 5(a). Mr. Salvatore is prohibited henceforth from preparing, in whole or in part, documents that are filed in this action under the signature of the *pro se* plaintiff. Mr. Salvatore's current practice of making a notation, at the bottom of a signature page, that he "helped prepare" or "prepared" a filing is unacceptable and not authorized by the Local Rules of this Court.

Mr. Salvatore is warned that failure to comply with this Order may result in the imposition of sanctions against him pursuant to Fed. R. Civ. P. 11 and any non-compliant pleadings may be stricken.

Dated March 12, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge