IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00068-GPG

EVELIN ADELA PERUCH-VICENTE,

    Applicant,

v.

JOHN LONGSHORE, U.S. DHS-ICE,
UNKNOWN ICE OR BI INCORP. "JAILER,"

    Respondents.

## ORDER

    On March 16, 2015, Attorney Jim Salvatore, who has been assisting the *pro se* Applicant in this case, filed a Letter with the Court (ECF No. 17), seeking a 30-day extension of time to file a Reply to the Respondents' Response to Order to File Preliminary Response (ECF No. 14) because he is in the hospital.  The Letter will be stricken for the reasons discussed below.

    On March 12, 2015, this Court entered an Order (ECF No. 16) advising Mr. Salvatore that he could not continue to draft filings in this action on behalf of the Applicant, who has represented herself as proceeding *pro se*.  Mr. Salvatore is reminded that, pursuant to the March 12 Order, and in accordance with D.C.COLO.LAtty R 2(b)(1), if Mr. Salvatore intends to continue drafting pleadings and other filings on behalf of the Applicant, he must first file a motion requesting a limited appearance for the purpose of assisting the Applicant in drafting and filing pleadings, motions and other papers in this action.  If the motion is granted, each pleading or other

document filed by the *pro se* Applicant, that is prepared by Mr. Salvatore or with his assistance, must include the following: (1) a signature block with Mr. Salvatore's name, address, telephone number and attorney registration number; and, (2) Mr. Salvatore's certification that in helping to draft the pleading or paper filed by the *pro se* Applicant, he certifies that, to the best of his knowledge, information and belief, the pleading or paper is (a) well-grounded in fact based upon a reasonable inquiry of the pro se party by the attorney, (b) is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and (c) is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The Court warned Mr. Salvatore in the March 12 Order that if he does not file a motion for limited appearance, he must cease preparing, or assisting in the preparation of, the *pro se* Applicant's filings in this action. Alternatively, Mr. Salvatore may enter his full appearance, pursuant to D.C.COLO.LAtty R 5(a). The March 12 Order prohibits Mr. Salvatore henceforth from preparing, in whole or in part, documents that are filed in this action under the signature of the *pro se* plaintiff. The Court also informed Mr. Salvatore that his practice of making a notation, at the bottom of a signature page, that he "helped prepare" or "prepared" a filing is unacceptable and not authorized by the Local Rules of this Court. Finally, the Court warned Mr. Salvatore in the March 12 Order that failure to comply with the March 12 Order may result in the imposition of sanctions against him pursuant to Fed. R. Civ. P. 11 and any non-compliant pleadings may be stricken.

Mr. Salvatore has not filed a motion for limited appearance, nor has he entered his full appearance in this action. Accordingly, it is

ORDERED that the Letter (ECF No. 17) requesting an extension of time is STRICKEN for Mr. Salvatore's failure to comply with the March 12 Order.  It is FURTHER ORDERED that Mr. Salvatore may not draft and submit any further filings in this action unless and until he complies with the March 12, 2015 Order.  It is

FURTHER ORDERED that failure to comply with this Order and with the March 12 Order may result in the imposition of sanctions against Mr. Salvatore pursuant to Fed. R. Civ. P. 11.

Dated March 18, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher
_____
United States Magistrate Judge