IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00068-GPG

EVELIN ADELA PERUCH-VICENTE,

      Applicant,

v.

JOHN LONGSHORE, U.S. DHS-ICE,
UNKNOWN ICE OR BI INCORP. "JAILER,"

      Respondents.

_____

ORDER TO DISMISS IN PART AND
DIRECTING APPLICANT TO FILE AMENDED APPLICATION
_____

     Applicant initiated this action on January 12, 2015 by filing, *pro se*, an Application

for a Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241.  She paid the $5.00 filing fee.

     On January 14, 2015, Magistrate Judge Gordon P. Gallagher ordered the

Respondents to file a Preliminary Response to the Application addressing any

jurisdictional issues, and the affirmative defense of exhaustion of administrative

remedies.  (ECF No. 3).  Respondent Longshore filed a Preliminary Response on March

4, 2015 (ECF No. 14), after being served with the January 14 Order on February 12,

2014.  Applicant, through counsel,[1] filed a Reply on March 29, 2015.  (ECF Nos. 22,

23).

_____

[1]Attorney, Jim Salvatore, who assisted the Applicant in preparing the Application, entered his appearance on behalf of the Applicant on March 25, 2015 (ECF No. 21) after the Court issued an order admonishing him that he could not "assist" the *pro se* Applicant with her filings unless he entered a general appearance or filed a motion for a limited appearance, in compliance with the Local Rules of this Court.  (ECF No. 16).

## I. Background

Applicant is subject to a final reinstated order of removal dated August 7, 2014. (Declaration of Sergio A. Ugazio,[2] ¶ 6, at ECF No. 14-1).  Applicant was released from ICE custody on August 8, 2014, based on her pending Application for Asylum and for Withholding of Removal[3] and because she was verifiably pregnant at the time of her apprehension by the U.S. Border Patrol on August 6, 2014.  (*Id.*).  Upon her release, the Enforcement and Removal ("ERO") Field Office in Port Isabel, Texas required Applicant to report to the Denver ERO Field Office for further evaluation of her custody situation. (*Id.*).  Denver ERO subsequently exercised its discretion regarding custody, and released Applicant subject to enrollment in an Alternative to Detention (ATD) program and compliance with that program's conditions. (*Id.* at ¶ 7).  She is required to report in person to the Denver BI Incorporated offices[4] once each week, on Mondays, and to report on VoiceID.  (*Id.*). She also has on-site home visits every two weeks. (*Id.*). Applicant is not subject to electronic monitoring. (*Id.*).

In the § 2241 Application, Applicant asserts that the requirements of the ATD program (i.e., supervised release) violate her Fifth Amendment due process and equal protection rights.  (ECF No. 1, at 3-4).  Applicant also alleges in the Application that she

---

[2]Mr. Ugazio is a Supervisory Detention and Deportation Officer for the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), Denver Field Officer Enforcement and Removal Operations (Denver ERO). (Ugazio Decl., ECF No. 14-1, at ¶1).

[3]*See* ECF No. 1, at 6-29.

[4]Once ICE makes a decision to place an individual on ATD, BI Incorporated provides case management and supervision services, as well as electronic monitoring products when appropriate. (Ugazio Decl., ECF No. 14-1, at ¶ 4).  BI provides reports to ERO concerning an enrolled individual's compliance with ATD reporting requirements.  (*Id.*).

was "wrongly and illegally removed at the border by illegal procedures under the Due

Process Clause" and that "[h]er current detention is a legal farce because the facts

underlying her removal order are not being considered, nor her current legal asylum

claim." (*Id.* at 2).  In addition, she alleges outrageous conduct by ICE (BI) officials in

threatening to lock her up and take away her child, in violation of the UN Declaration on

Rights of Indigenous People, the UN Convention Against Torture, and the United States

Indian Child Welfare Act.  For relief, Applicant requests that Respondent Longshore

issue an Order of Supervision whereby the conditions of Applicant's ATD program be

limited to "report[ing] to ICE at Brush, Colorado in a reasonable and only telephonic

manner until further order." (*Id.* at 5).

## II.  The "In Custody" Requirement

An individual may seek habeas relief under § 2241 only if he or she is "in

custody" under federal authority or for violation of federal law. 28 U.S.C. § 2241(c).  A

final order of removal subjects an alien to a restrain on liberty sufficient to place the

alien in "custody."  *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1291 (10th Cir.

2001)("Although the petitioners in this case are not being 'detained,' they are 'in

custody' for habeas purposes because they are subject to final deportation orders");

*Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir.1994) ("[T]here is general

consensus that an alien whose liberty is restricted pursuant to an order emanating from

the INS is 'in custody' for purposes of satisfying the prerequisites for habeas review.").

*Accord Jones v. Cunningham,* 371 U.S. 236 (1963) (parolee still "in custody" of the

parole board for purposes of habeas corpus relief because the parole order imposed

3

conditions that "significantly confine[d] and restrain[ed] his freedom").

The Applicant's allegations that she is subject to a final order of removal and is restricted in her freedom of movement by the conditions of her supervised release are sufficient to satisfy the "in custody" requirement of § 2241.

### III.  Challenges to Reinstatement of Removal Order

In the Reply brief, Applicant, through counsel, states that Applicant intended to allege in her *pro se* Application that "her first 'removal order' and her 'reinstatement of removal order' were 'farces' in terms of procedural Due Process under the Fifth Amendment to the Constitution of United States because they both were executed by ICE without serving her with actual copies of the documents."  (ECF Nos. 22 and 23, at 2).  Although somewhat unclear from the allegations, it appears that Applicant may also be asserting that the reinstatement of her removal order violates the UN Declaration on Rights of Indigenous People, the UN Convention Against Torture, and the United States Indian Child Welfare Act.  (*See* ECF No. 1, at 4; ECF Nos. 22 and 23, at 3,4).   None of these allegations may be pursued in a § 2241 proceeding.

Under the Real ID Act, petitions for review filed with the court of appeals are "the sole and exclusive means" of review of most administrative orders of removal, deportation, or exclusion.  8 U.S.C. § 1252(a)(5). Thus, the Real ID Act eliminates a district court's jurisdiction over habeas petitions challenging final orders of removal.[5]

---

[5]The statute defines "order of removal" as an administrative order concluding that an alien is removable or ordering removal. 8 U.S.C. § 1101(a)(47)(A).  A reinstated removal order is a final order of removal for purposes of judicial review under § 1252(a)(1).  *Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162 n. 3 (10th Cir. 2003) (holding that this court has "jurisdiction to hear petitions for direct review of reinstatement orders under 8 U.S.C. § 1252"); *see also Fernandez-Vargas v. Ashcroft*, 394 F.3d 881, 884 (10th Cir. 2005) (referring to a reinstated removal order as "the functional equivalent of a final order of removal").  Because the reinstated removal order cannot be executed while the Applicant's withholding of

However, the Real ID Act did not eliminate a district court's jurisdiction to review habeas petitions challenging an alien's detention. 8 U.S.C. § 1252(a)(1).  Accordingly, Applicant's allegations concerning the legality of her reinstated removal order will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV. Objectionable Conduct by ICE or BI Incorporated Agents

In the § 2241 Application, Applicant asserts that ICE/BI Incorporated agents threatened to lock her up and take away her child, which, according to Applicant, contravene the UN Declaration on Rights of Indigenous People, the UN Convention Against Torture, and the United States Indian Child Welfare Act.  However, these allegations do not tend to show that the *conditions of Applicant's supervised release* violate due process or other federal statute or treaty.  The critical inquiry under the habeas corpus statute is whether the petitioner's custody violates the Constitution, laws or treaties of the United States.  28 U.S.C. § 2241(c).  Whether Applicant's allegations of objectionable conduct by ICE/IB Incorporated agents would support a *Bivens*[6] claim against individual immigration officers, or a state law tort claim, are not appropriate issues to be resolved in this federal habeas corpus action.  Accordingly, these allegations will be dismissed without prejudice.

## V.  Claims Challenging Conditions of Release

### A.  Applicable statutes and regulations

Section § 1231(a), of Title 8 United States Code, states, in pertinent part:

---

removal proceeding is pending, the reinstated removal order becomes final once the proceeding is complete. *See Luna-Garcia v. Holder*, 777 F.3d 1182, 1186 (10th Cir. 2015).

[6]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).

>(5) Reinstatement of removal orders against aliens illegally reentering
>If the Attorney General finds that an alien has reentered the United States
>illegally after having been removed or having departed voluntarily, under
>an order of removal, the prior order of removal is reinstated from its
>original date and is not subject to being reopened or reviewed, the alien is
>not eligible and may not apply for any relief under this chapter, and the
>alien shall be removed under the prior order at any time after the reentry.

*See also* 8 C.F.R. § 241.8 (reinstatement of removal orders).

An alien subject to a final order of removal may be released, pending removal, on conditions set forth in regulations prescribed by the Attorney General. *See Zadvydas v. Davis*, 533 U.S. 678, 695-96 (2001), citing 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. If an alien fails to comply with the conditions of release, he or she will be subject to criminal penalties, including detention. *Id.*

As relevant here, the regulations require, *inter alia*, that the alien "appear before an immigration officer periodically for identification." *Kalombo v. Shanahan*, No. 07 Civ. 11350(PKC), 2009 WL 1788589, at *4 (S.D.N.Y. Jun. 23, 2009); see 8 C.F.R. § 241.5(a)(1) (providing that an order of supervision should include that "the alien report to a specified officer periodically and provide relevant information under oath as directed"); *see also United States v. Witkovich*, 353 U.S. 194, 202 (1957) (finding that the Attorney General may require deportable aliens periodically to appear before the agency for identification purposes under Section 242 of the Immigration and Nationality Act, codified at 8 U.S.C. § 1231(a)(3)).

## B. Exhaustion of Administrative Remedies

Respondent Longshore argues in the Preliminary Response that Applicant has failed to exhaust administrative remedies for a claim challenging the conditions of her supervised release. (ECF No. 14, at 5).

6

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).  A "narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203.

According to the Respondent:

> In this instance, the conditions of Applicant's enrollment in the ATD program are at the discretion of ICE. After enrolling a participant in ATD, the assigned ATD officer will continue to evaluate the ATD participant for compliance and for potential escalation, de-escalation, or discontinuation. Ex. A, Decl. of Sergio A. Ugazio ¶ 5. Decisions to escalate or de-escalate ATD components, to discontinue ATD enrollment in favor of other release and supervision options, or to return an alien to ICE custody are made on a case-by-case basis by the assigned ATD officer and his or her supervisory personnel. Id.
>
> The sole administrative remedy available to Petitioner is for her to seek relief from the removal order that is presently in place.

(ECF No. 14, at 5).  Because Respondent concedes that Applicant does not have an available administrative remedy to challenge the conditions of her supervised release at this time, the Court declines to dismiss the Application based on the exhaustion defense.

### C.  Due Process

Applicant contends that the in-person reporting requirement of her supervised release violates the Fifth Amendment Due Process Clause.  While the Due Process

Clause does apply to aliens within the United States, *Mathews v. Diaz*, 426 U.S. 67, 77 (1976), the government enjoys relatively wide latitude in imposing restrictions on the liberty of such individuals, particularly following the issuance of a removal order. *Demore v. Kim*, 538 U.S. 510, 528 (2003) ("when the Government deals with deportable aliens, the Due Process Clause does not require it to employ the least burdensome means to accomplish its goal"); *see Mathews*, 426 U.S. at 78-80 ("In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to its citizens"). Thus, courts reviewing the constitutionality of supervision for aliens subject to removal orders have employed a rational basis standard of review.  *See Yusov v. Shaughnessey,* 671 F.Supp.2d 523, 530 (S.D.N.Y. 2009); *Zavala v. Prendes,* No. 3-10-CV-1601-K-BD, 2010 WL 4454055 (N.D.Tex. Oct. 5, 2010); *Kalombo,* 2009 WL 1788589, at *6 ("The terms of petitioner's supervision are minimally intrusive and rationally related to that legitimate interest."); *Nguyen v. B.I. Inc.*, 435 F.Supp.2d 1109, 1115 (D. Or. 2006) ("Because the right at stake is not fundamental, the government's action is subject only to rational basis review," citing *Denmore*, 538 U.S. at 528).

To survive rational basis review, a government action must be rationally related to some legitimate government purpose.  *Reno v. Flores*, 507 U.S. 292, 305-06 (1993). "The goals of 'reducing the number of absconding aliens' and 'accounting for and being able to produce any alien who becomes removable' are legitimate government interests." *Yusov*, 671 F.Supp.2d at 530 (quoting *Nguyen*, 435 F.Supp.2d at 1115).

According to Respondents, Applicant's current supervision requires her to report in person to the Denver BI, Inc. offices once each week, on Mondays, and to report on

VoiceID.  She also has on-site home visits every two weeks. Applicant does not dispute these conditions in the Reply brief, or allege that she is subject to additional requirements.

Applicant asserts that the weekly in-person reporting requirement is preventing her from maintaining a job, and she seeks modification of the condition to allow her to report by telephone to an ICE officer in Brush, Colorado.  However, at least one other federal district court addressing the constitutionality of an alien's supervised release conditions has concluded that a similar reporting requirements satisfy rational basis review.  *Zavalas v. Prendes*, No. 3-10-CV-1601-KBD, 2010 WL 4454055, at *2 (N.D.Tex. Oct. 5, 2010) (Recommendation of United States Magistrate Judge, adopted by district court in 2010 WL 4627736 (N.D.Tex. Nov. 1, 2010)) (concluding that condition of supervised release requiring petition to report to the immigration office every Monday was rationally related to the Government's interest in ensuring that the petitioner did not abscond pending removal).

The Fifth Amendment claim appears to lack merit.  However, the Court recognizes that the Application was filed by the Applicant *pro se.*  Although Applicant's attorney indicated on the last page of the Application that he "helped prepare [it]," it is unclear how much assistance Mr. Salvatore gave to the Applicant in drafting the Application.  Accordingly, the Court will afford Applicant, through counsel, an opportunity to file an amended Application that sets forth all factual allegations and assertions in support of a Fifth Amendment due process claim challenging the conditions of Applicant's supervised release. The Amended Application should not include any claims or allegations that have been dismissed in this Order.

9

### D.  Equal Protection

Applicant alleges in the Application that the conditions of her release violate the

Equal Protection Clause because she is being treated differently than similarly situated

individuals.  However, conclusory assertions, without supporting factual allegations, are

insufficient to state an equal protection claim.  *See Straley v. Utah Bd. of Pardons,* 582

F.3d 1208, 1215 (10th Cir. 2009) (rejecting bare equal protection claim that failed to

identify an similarly-situated individual that was given more beneficial treatment); *see*

*also Abdulhaseeb v. Calbone,* 600 F.3d 1301, 1323 (10th Cir.2010) (holding "vague and

conclusory allegations, without any specific facts" regarding differential treatment

insufficient to support equal protection claim).

Notwithstanding, for the same reasons discussed above, Applicant, through

counsel, will be afforded an opportunity to amend the equal protection claim.

## VI.  Orders

For the reasons discussed above, it is

ORDERED that Applicant's allegations challenging the legality of her reinstated

removal order (as discussed in Section III, *supra*) are DISMISSED WITHOUT

PREJUDICE for lack of subject matter jurisdiction.  It is

FURTHER ORDERED that the allegations challenging the conduct of ICE/BI

agents in threatening to detain her and take away her child are DISMISSED WITHOUT

PREJUDICE because the allegations are not cognizable under 28 U.S.C. § 2241.  It is

FURTHER ORDERED that Applicant may file an Amended Application for a Writ

of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **within twenty-one (21) days of this**

**Order**, challenging the requirements of supervised release as a violation of her Fifth Amendment due process and/or equal protection rights.  The allegations dismissed in this Order should not be included in the Amended Application.  It is

FURTHER ORDERED that if Applicant fails to file an Amended Application by the court-ordered deadline, the remainder of this action will be dismissed without further notice, for the reasons discussed above. It is

FURTHER ORDERED that Counsel's Motion to Correct His Filing Errors (ECF No. 24) is GRANTED.  The re-filed Reply (ECF No. 23) is accepted as timely filed.

Dated April 7, 2015, at Denver, Colorado.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court